# Exhibit A

**ORIGINAL**

Dept. #14 Assigned Freeman

HAINES LAW GROUP, APC
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
Matthew K. Moen (SBN 305956)
mmoen@haineslawgroup.com
Brittaney D. de la Torre (SBN 318150)
bdelatorre@haineslawgroup.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

**FILED**
Superior Court of California
County of Los Angeles

SEP 21 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Brittny Smith

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DARWIN BOLSINGER, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEWS AMERICA MARKETING IN-STORE SERVICES, LLC, a Delaware Limited Liability Company, and DOES 1 through 100,<br><br>Defendants. | CASE NO. **BC 722768**<br><br>**CLASS ACTION COMPLAINT:**<br><br>(1) **MINIMUM WAGE VIOLATIONS** (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);<br><br>(2) **MEAL PERIOD VIOLATIONS** (LABOR CODE §§ 226.7 AND 512);<br><br>(3) **REST PERIOD VIOLATIONS** (LABOR CODE §§ 226.7 AND 516);<br><br>(4) **FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES** (LABOR CODE §§ 2802, 2804);<br><br>(5) **UNFAIR COMPETITION** (BUS & PROF CODE § 17200 *et seq.*)<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED CIVIL CASE** |

FAXED

1
Class Action Complaint

Plaintiff Darwin Bolsinger (hereinafter "Plaintiff") on behalf of himself and all others similarly situated, hereby brings this Class Action Complaint News America Marketing In-Store Services, LLC, a Delaware Limited Liability Company, and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiff, on behalf of himself and all others similarly situated, hereby brings this class action for recovery of unpaid wages and penalties under California Business and Professions Code § 17200, *et. seq.*, Labor Code §§ 226, 226.7, 512, 516, 1182.12, 1194, 1194.2, 1197, 2802, 2804, and 2698 *et seq.*, and Industrial Welfare Commission Wage Order No. 4 ("Wage Order 4"), in addition to seeking declaratory relief and restitution. This class action is brought pursuant to California Code of Civil Procedure § 382. This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

2. Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in the County of Los Angeles. Defendants own, maintain offices, transact business, have an agent or agents within the County of Los Angeles, and/or otherwise are found within the County of Los Angeles, and Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

3. Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident. During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by California Labor Code §§ 226, 226.7, 512, 516, 1182.12, 1194, 1194.2, 1197, 2802, 2804, California

000015
Exhibit A to Notice of Removal

Business and Professions Code § 17200 *et seq.* (Unfair Competition), and Wage Order 4, which sets employment standards for professional, technical, clerical, mechanical, and similar occupations, including Plaintiff's position with Defendants.

4. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by providing in-store advertisement services and special marketing events for grocery and drug stores, and employed Plaintiff and other, similarly-situated non-exempt employees within Los Angeles County and the state of California and, therefore, were (and are) doing business in Los Angeles County and the State of California.

5. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

6. Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes (as defined in Paragraph 14).

7. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of

000016
Exhibit A to Notice of Removal

and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all Class Members, (as defined in Paragraph 14).

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff has worked for Defendants as a non-exempt Service Representative since approximately 2004, although he has been on a leave of absence since approximately September 18, 2016. Defendants are in the business of providing in-store marketing and promotion services by distributing coupons and advertisements and preparing special marketing events throughout various grocery and drug stores. Plaintiff's job duties include, but are not limited to, traveling to various grocery stores, drug stores and retailers in and around Los Angeles County and Orange County to distribute, assemble, and maintain manufacturer's promotional materials including coupons, advertisements, and in-store displays. Plaintiff was also required to store promotional materials in his home and transport promotional materials to and from retailers in his personal vehicle.

10. Defendants' timekeeping policies and/or practices resulted in Plaintiff not being compensated for all hours actually worked. Defendants designated a specific amount of time, or a "time budget," for Plaintiff to complete each in-store assignment. Plaintiff was only compensated for this time budget, regardless of the amount of time he actually worked in order to complete the project. For instance, it was necessary for Plaintiff to spend time at home preparing and assembling in-store displays, and Plaintiff was also required to load and transport advertising materials in his personal vehicle, as well as travel between assignments, but he was only compensated for work performed on-site at the retail locations. As a result, Plaintiff was not compensated for all hours that he actually worked.

11. Further, Defendants failed to provide Plaintiff and other non-exempt employees with all statutorily-mandated meal periods because Defendants failed to maintain any meal period policy/practice, that provided timely, uninterrupted, duty-free 30-minute meal periods as required by California law. Specifically, Defendants did not communicate to Plaintiff and other non-

4
Class Action Complaint

exempt employees that they had the opportunity to take any meal periods, therefore depriving these employees of legally compliant meal periods. In addition, Defendants did not maintain any records of any purported meal periods taken by Plaintiff or other non-exempt employees. Despite Defendants' failure to provide Plaintiff and similarly situated employees with all lawful meal periods to which they were entitled, Defendants failed to provide Plaintiff and similarly situated employees with an additional hour of premium pay for each workday in which a meal period violation occurred, as required by Labor Code § 226.7.

12. Defendants also failed to authorize and permit Plaintiff to take all required rest periods because, on information and belief, Defendants do not maintain any rest period policy, and Plaintiff and other non-exempt employees were never authorized or permitted to take paid rest periods while performing in-store assignments. Specifically, Defendants' strict time budget requirements discouraged Plaintiff and other non-exempt employees from taking rest periods while performing in-store assignments, because the time budgets were designed to only allow for sufficient time to complete the designated tasks with no additional time allowance for rest periods. Furthermore, Plaintiff was required to clock in and out on a handheld computer that tracked all of his work time, but there was no way to clock in for a rest period, and as such, any rest periods, if they were taken, had to be off the clock and were therefore uncompensated, in violation of California law. Despite Defendants' failure to authorize and permit paid rest periods due to their uniform and unlawful practices, Defendants never provided Plaintiff with an hour of pay at his regular rate for each rest period violation as required by Labor Code § 226.7.

13. During Plaintiff's employment with Defendants, Defendants required Plaintiff and other Service Representatives to use their personal vehicles to transport advertising materials to, from, and between retail locations. However, Defendants maintained a policy of only reimbursing Defendants' policies failed to accurately reimburse Plaintiff and other non-exempt employees for all necessary business expenses associated with using their personal vehicles, including mileage necessarily incurred travelling to, from, and between assignments.

### CLASS ACTION ALLEGATIONS

14. Class Definitions: Plaintiff brings this action on behalf of himself and the

5
Class Action Complaint

following Classes pursuant to § 382 of the Code of Civil Procedure:

     a.    The <u>Minimum Wage Class</u> consists of all of Defendants' current and former non-exempt employees who were employed as Service Representatives, or in positions with similar job titles and/or job duties, and who were: (i) required to travel to and attend meetings every 4 weeks; and/or (ii) subjected to Defendants' timekeeping policies and/or practices, during the four years immediately preceding the filing of the Complaint through the present;

     b.    The <u>Meal Period Class</u> consists of all of Defendants' current and former non-exempt employees who were employed as Service Representatives, or in positions with similar job titles and/or job duties, and who worked at least one shift in excess of 5.0 hours, during the four years immediately preceding the filing of the complaint through the present.

     c.    The <u>Rest Period Class</u> consists of all of Defendants' current and former non-exempt employees who were employed as Service Representatives, or in positions with similar job titles and/or job duties, and who worked at least one shift in excess of 3.5 hours, during the four years immediately preceding the filing of the complaint through the present.

     d.    The <u>Reimbursement Class</u> consists of all of Defendants' current and former employees who were employed as Service Representatives, or in positions with similar job titles and/or job duties, and who used a personal vehicle for required work activities without reimbursement, during the four years immediately preceding the filing of this Complaint through the present date.

15. **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than two hundred (200) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

000019
Exhibit A to Notice of Removal

16. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

 i. Whether Plaintiff and members of the Minimum Wage Class were compensated for all hours actually worked;

 ii. Whether Defendants provided legally compliant meal periods to members of the Meal Period Class;

 iii. Whether Defendants authorized and permitted legally compliant rest periods to members of the Rest Period Class;

 iv. Whether Defendants' policies and/or practices of reimbursing necessary business expenses for members of the Reimbursement Class violated California law;

 v. Whether Defendants engaged in unlawful, unfair, illegal, and/or deceptive business practices by and through the wage and hour policies and practices described above, and whether, as a result, Defendants owe the classes restitution.

17. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform timekeeping, meal and rest period, and reimbursement policies and/or practices. Thus, common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

18. **Typicality:** The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all earned minimum wages, was subject to Defendants' uniform meal and rest period policies and/or practices, was not reimbursed for necessary business expenses, was not provided with suitable seats, and was

7
Class Action Complaint

furnished with inaccurate and incomplete wage statements.

19. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

20. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Class(es) to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further,

the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 14 are maintainable as a Class under § 382 of the Code of Civil Procedure.

### FIRST CAUSE OF ACTION
### MINIMUM WAGE VIOLATIONS
### (AGAINST ALL DEFENDANTS)

21. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

22. Wage Order 4, § 4 and California Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon. At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law by failing to pay Plaintiff and the Minimum Wage Class for all hours actually worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and Wage Order 4.

23. California Labor Code § 1198 makes unlawful the employment of an employee under conditions that the IWC prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

24. As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Minimum Wage Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and Wage Order 4.

000022
Exhibit A to Notice of Removal

25. Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Minimum Wage Class in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 558, 1194 *et seq.*, 1197, 1198, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION
## MEAL PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

26. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Meal Period Class, with all required meal periods in accordance with the mandates of the California Labor Code and Wage Order 4, for the reasons set forth in the factual allegations and class definitions sections of this Complaint.

28. As a result, Defendants are responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to Wage Order 4, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

## THIRD CAUSE OF ACTION
## REST PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

29. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

30. Wage Order 4, § 12 and California Labor Code §§ 226.7 and 516 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

31. Due to their unlawful rest period policies and/or practices, Defendants did not authorize and permit members of the Rest Period Class to take all rest periods to which they were legally entitled. Despite Defendants' violations, Defendants have not paid an additional hour of

000023
Exhibit A to Notice of Removal

pay to Plaintiff and members of the Rest Period Class at their respective regular rates of pay for each violation, in accordance with California Labor Code § 226.7.

32. The foregoing violations create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, and costs of suit pursuant to Wage Order 4, California Labor Code §§ 226.7 and 516, and Civil Code §§ 3287(b) and 3289.

## FOURTH CAUSE OF ACTION
## FAILURE TO REIMBURSE BUSINESS EXPENSES
## (AGAINST ALL DEFENDANTS)

33. Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

34. It was necessary for Plaintiff and members of the Reimbursement Class to use their personal vehicles in order to perform their job duties. Although Plaintiff and members of the Reimbursement Class incurred expenses, including but not limited to mileage expenses, at the direction of Defendants and/or in the direct discharge of their job duties, Defendants did not reimburse these employees for such necessary work expenditures during the four years preceding the filing of the Complaint.

35. At all relevant times herein, Defendants were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

36. At all relevant times herein, Defendants were subject to Labor Code § 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State.

37. As a proximate result of Defendants' policies and/or practices in violation of Labor Code §§ 2802 and 2804, Plaintiff and members of the Reimbursement Class were damaged in

11
Class Action Complaint

sums, which will be shown according to proof.

38. Plaintiff and members of the Reimbursement Class are entitled to attorneys' fees and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

39. Pursuant to Labor Code § 2802(b), any action brought for the reimbursement of necessary expenditures carries interest at the same rate as judgments in civil actions. Thus, Plaintiff and members of the Reimbursement Class are entitled to interest, which shall accrue from the date on which they incurred the initial necessary expenditure.

## FIFTH CAUSE OF ACTION
## UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

40. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

41. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq. by engaging in the unlawful conduct described above, including failing to pay Plaintiff and the Classes all minimum wages; failing to provide all legally required meal and rest periods or make premium payments in lieu thereof; failing to provide suitable seats in violation of Wage Order 4 and Labor Code § 1198, failing to keep records of employees' hours worked in violation of Labor Code § 1174, and knowingly failing to furnish accurate and complete itemized wage statements in violation of Labor Code § 226.

42. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

43. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

44. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

45. Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current hourly non-exempt employees and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under Code of Civil Procedure § 1021.5.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Cause of Action, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197;

5. Upon the Second Cause of Action, compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

6. Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

7. Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 2802 and 2804;

8. Upon the Fifth Cause of Action, for restitution to Plaintiff and members of the Class of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

9. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

000026
Exhibit A to Notice of Removal

1. 10. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 1194 et seq., 2802, and 2699(g); and Code of Civil Procedure § 1021.5; and

11. For such other and further relief the Court may deem just and proper

Dated: September 21, 2018

Respectfully submitted,

HAINES LAW GROUP, APC

By: _____
Paul K. Haines
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: September 21, 2018

Respectfully submitted,

HAINES LAW GROUP, APC

By: _____
Paul K. Haines
Attorney for Plaintiff

14
Class Action Complaint