**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
Email: phaines@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
Email: fschmidt@haineslawgroup.com
Matthew K. Moen (SBN 305956)
Email: mmoen@haineslawgroup.com
Brittaney D. de la Torre (SBN 318150)
Email: bdelatorre@haineslawgroup.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARWIN BOLSINGER, as an individual and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>     vs.<br><br>NEWS AMERICA MARKETING IN-STORE SERVICES, LLC, a Delaware limited liability company; and DOES 1 through 100,<br><br>               Defendants. | Case No. 2:18-cv-9671<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO LOS ANGELES SUPERIOR COURT**<br><br>Judge: Hon. S. James Otero<br>Date:  January 14, 2019<br>Time:  10:00 a.m.<br>Dept.:  10C<br><br>Date of Removal:  November 16, 2018<br>Jury Trial Date:  None Set |

1
PLAINTIFF'S MOTION TO REMAND

NOTICE IS HEREBY GIVEN that on January 14, 2018, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 10C of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, before the Honorable S. James Otero, Plaintiff Darwin Bolsinger ("Plaintiff") individually and on behalf of all others similarly situated, will and hereby does move this Court for entry of an Order remanding the entire action back to the California Superior Court for the County of Los Angeles.

This Motion is made on the grounds that this action was improperly removed by Defendant News America Marketing In-Store Services, LLC ("Defendant") because Defendant failed to prove by a preponderance of the evidence that the amount in controversy is at least $5,000,000 as required under the Class Action Fairness Act ("CAFA"). Defendant failed to provide any substantive evidence whatsoever to support its position that there is $5,000,000 in controversy, and instead relied exclusively on Plaintiff's Complaint. Moreover, in calculating the purported amount in controversy, Defendant improperly included penalties which Plaintiff cannot recover in this action as a matter of law, and assumed a one hundred percent violation rate for several of Plaintiff's claims without supporting this assertion with evidence, to reach its amount in controversy. For these reasons, Defendant's sole basis for removal must fail.

This motion is based on this notice of motion, the attached memorandum of points and authorities, the pleadings and other papers filed in this action, and on any further oral or documentary evidence or argument presented at the time of hearing.

Dated: December 17, 2018

Respectfully submitted,
HAINES LAW GROUP, APC

By: __/s/ Fletcher W. Schmidt_____
Fletcher W. Schmidt

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION.**

Plaintiff Darwin Bolsinger ("Plaintiff") filed this action in Los Angeles County Superior Court, on behalf of himself and all other similarly situated employees of Defendant News America Marketing In-Store Services, LLC ("Defendant"), for various violations of the California Labor Code and Unfair Competition under the California Business and Professions Code. Defendant's sole grounds for removal of this action is pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), on the basis that minimal diversity exists between the parties, there are more than 100 potential class members, and the amount in controversy exceeds $5,000,000. Plaintiff does not contest the existence of minimal diversity and believes that there are more than 100 potential class members (although the actual number of potential class members is as-yet unknown by Plaintiff). However, in calculating the amount in controversy, Defendant failed to provide reasonable evidence in support of its assertions and instead relied entirely on unsupported and unreasonable assumptions resulting in a grossly inflated $6,170,680 figure set forth in its Notice of Removal. Moreover, Defendant improperly factored in penalties that are not being sought in this action and which are not recoverable through this action as a matter of law (and therefore are not "in controversy").

Because Defendant has not carried its burden in demonstrating that the amount in controversy exceeds $5,000,000, this Court lacks subject matter jurisdiction over this matter, and Plaintiff respectfully requests that this action be remanded to Los Angeles County Superior Court.

///
///
///

## II. LEGAL ARGUMENT.

### A. Defendant Bears the Burden of Proof in Establishing Removal Jurisdiction.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The "long-standing, near-canonical rule [is] that the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007); *see also California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 839 (9th Cir. 2004) ("[t]he removal statute is strictly construed against removal") (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In a removal action, Courts apply a preponderance of the evidence standard in assessing whether the amount in controversy exceeds $5,000,000. *Rodriguez v. AT&T Mobility Services LLC* 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."). Specifically, "where the amount in controversy is unclear from the face of the complaint, *defendant must produce underlying facts* showing it is more likely than not that the amount in controversy exceeds $5 million." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)) (emphasis added). While Defendant is entitled to rely on some assumptions in calculating the amount in controversy, any assumptions relied on must be *reasonable* and must be supported by underlying facts. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198–99 (9th Cir. 2015) (emphasis added). "CAFA's requirements are to be tested by consideration of *real* evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* (emphasis added).

## B. Defendant Has Failed to Establish That the Amount in Controversy Exceeds $5,000,000 As Required for Jurisdiction Under CAFA.

"Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Ibarra*, *supra*, 775 F.3d. at 1197. To do so, Defendant "may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id*. Notably, "the amount in controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, *supra*, 775 F.3d. at 1197.

Even when substantive evidence has been presented, courts have still rejected the use of conclusory statements that are not tied to the Plaintiff's theories of damages. *See e.g.*, *Garibay v. Archstone Communities LLC,* 539 Fed.Appx. 763, 764 (9th Cir.2013) (rejecting defendant's amount in controversy calculation where the only evidence provided was "a declaration by [defendants'] supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages"); *Garcia v. Wal-Mart Stores Inc.*, 207 F.Supp.3d 1114, 1121 (C.D. Cal. 2016) (finding that defendant's declaration was "insufficient" and "simply a conclusory, five-paragraph" document that set forth only approximate number of employees in the putative class, the approximate number of those who left defendant's employment, and the approximate number of wage statements furnished).

Here, Defendant has submitted **no evidence whatsoever** of the amount in controversy in support of its notice of removal. The only evidence submitted by Defendant, a declaration from Defendant's VP of Human Resources and a declaration from Defendant's Assistant Secretary, relate to the issue of diversity of citizenship and include no facts whatsoever to support Defendant's assertions as to the amount in controversy. Indeed, Defendant has not even provided the most basic of information such as the number of employees or the aggregate number of weeks or shifts worked during the relevant time period. Accordingly, Defendant has fallen woefully short of carrying its burden on removal, and this action should be remanded to Los Angeles County Superior Court.

### C. Defendant Has Made Several Legal Errors in Calculating the Amount in Controversy.

Aside from the fact that Defendant has failed to provide any actual evidence in support of its assumptions, Defendant's calculations suffer from several legal deficiencies that result in a vastly overstated amount in controversy. Specifically, Defendant: (1) assumed that there was a meal period violation, a rest period violation, and a Labor Code § 2802 violation on every weekday throughout the entire statutory period; and (2) improperly included penalties under Labor Code § 558 and § 226 which cannot be recovered in this action as a matter of law.

#### i. Defendant Assumes that 200 Employees Experienced a Meal Period Violation, a Rest Period Violation and a Labor Code § 2802 Violation on Every Single Weekday Throughout the Entire Statutory Period.

Defendant's amount in controversy calculations rely heavily on the following statement from Plaintiff's Complaint, found in Paragraph 15: "The membership of the classes and subclasses are unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than two hundred (200) individuals as to each Class." *See* Complaint at ¶ 15. Rather than submit evidence relating to the

4
PLAINTIFF'S MOTION TO REMAND

actual amount in controversy, Defendant has taken this admittedly speculative statement and transformed it into the underpinning of its amount in controversy calculations, going so far as to assume that 200 employees worked *every single weekday* for the *entire* statutory period.  *See* Notice of Removal at ¶¶ 30, 34. To be clear, Defendant uses *every single weekday* in its calculation - i.e., 261 days per year - which is every single weekday in a year, including holidays (365 days per year minus 52 Saturdays and 52 Sundays equals 261 days). Without more, Defendant's calculations amount to unreasonable speculation. Any calculations based on Defendant's unreasonable assumptions about the class should not be used for purposes of determining whether the amount in controversy is met, particularly where Defendant could easily produce evidence as to the *actual* number of class members and *actual* number of days worked but has chosen not to do so.

      Defendant has compounded this erroneous assumption further by predicating its calculations of meal and rest period violations and Labor Code § 2802 violations on the assumption that all of the 200 purported class members experienced a meal period violation, a rest period violation, and a 2802 violation on each and every weekday throughout the entire statutory period. "Courts disavow the use of a 100% violation rate when calculating the amount in controversy absent evidentiary support." *Moreno v. Ignite Rest. Grp., 2014 WL 1154063*, *5 (N.D.Cal.2014); *see also*, *Garcia v. Wal-Mart Stores Inc.,* 207 F.Supp.3d 1114, 1120 (C.D. Cal. 2016). Here, Defendant finds it proper to "surmise[] that Plaintiff intends to seek the maximum penalties" since "Plaintiff is silent as to the total number of alleged meal and rest period[]" violations relating to these claims.  Notice of Removal ¶¶ 27-28. "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the dollar amount of damages the plaintiff seeks.  *Singer v. State Farm Mut. Auto Ins. Co*., 116 F.3d 373, 377 (9th Cir.1997) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

Defendant's conclusion that every single employee experienced both a meal period violation and a rest period violation every day and worked 261 days each year for the past four years inevitably overestimates and distorts the amount in controversy for this claim. This is because in order to even be eligible for a rest period, an employee must have worked a shift in excess of 3.5 hours, and in order to be eligible for a meal period, an employee must have worked a shift in excess of 5.0 hours. Therefore, Defendant's calculation necessarily assumes that 200 employees each worked a shift in excess of 5.0 hours on *every single weekday, including all holidays*, throughout the entire statutory 4-year period, and that the employee *never* received a valid meal or rest period on any given shift.

Similarly, as to Plaintiff's reimbursement claim for violations of Labor Code § 2802, Defendant has again assumed that 200 employees worked 261 days each year for the last four years, and incurred unreimbursed mileage expenses on every such workday. Yet, Defendant failed to provide a shred of evidence to support this assertion. In relying exclusively on Plaintiff's complaint and failing to provide reasonable evidence in support of its meal and rest period assumptions, Defendant has failed to reach its burden of proof.

### ii. Defendant Has Included Penalties Which Are Not Recoverable Through this Action as a Matter of Law.

In calculating the amount in controversy under Plaintiff's minimum wage claim, Defendant improperly included PAGA penalties which are not even being sought through this action in its estimation of the amount in controversy. Specifically, in analyzing Plaintiff's claim for unpaid minimum wages, Defendant based its damages calculation on the recovery of civil penalties under Labor Code § 558.[1] *See* Notice of Removal at ¶ 24. However, penalties under Labor Code §

---

[1] Plaintiff inadvertently referenced Labor Code §558 in one place in his Complaint (at the end of paragraph 25 when listing the code sections underlying his minimum wage claim). However, penalties assessed under §558 cannot be recovered here as

558 may only be recovered through a PAGA cause of action, which Plaintiff has not pled. *Lawson v. ZB, N.A.*, 18 Cal.App.5th 705,723 (2017) ("Rather, an individual may recovery under section 558, only when the individual has satisfied the procedural requirements set forth in the PAGA and is acting in the place of and for the LWDA"). Setting aside the fact that Plaintiff is not and cannot even seek civil penalties in this action, even if PAGA penalties were at issue in this action, the Ninth Circuit Court of Appeals has held that when an action containing class claims does not meet the CAFA jurisdictional amount, a removing party cannot use PAGA penalties to satisfy the requirement. *See, e.g.*, *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1062 (9th Cir. 2015)("the amount involved in the non-class claims cannot be used to satisfy the CAFA jurisdictional amount, and the CAFA diversity provisions cannot be invoked to give the district court jurisdiction over the non-class claims"); *Phan v. Sears, Roebuck & Co.*, 2016 WL 1408057, *2 (C.D. Cal. 2016) ("CAFA was enacted to facilitate adjudication of class claims, but Plaintiff brings PAGA as a representative claim in contravention with the purpose of CAFA. Therefore, penalties resulting from the PAGA cause of action will not be considered in evaluating the amount in controversy for the class action."). Therefore, Defendant's calculation of alleged penalties under Plaintiff's minimum wage cause of action should be disregarded entirely.

As to Plaintiff's Unfair Competition Law ("UCL") claim, Defendant supports its $800,000 amount in controversy based exclusively on the recovery of wage statement penalties under Labor Code § 226, assuming each putative class member is entitled to the maximum statutory penalty (or $4,000 each). *See* Notice of Removal at ¶ 36. First and foremost, Plaintiff here has not alleged a *single* wage

---

a matter of law, because they can only be recovered in connection with a PAGA claim, which Plaintiff has not pled and is not pursuing in this action.

statement deficiency.[2] In fact, Plaintiff does not purport to have *any* standing to assert a wage statement claim because Plaintiff has not received a wage statement from Defendant since approximately September 2016 when he went on medical leave. *See* Complaint at ¶ 9. Therefore, Plaintiff does not fall within the one-year statute of limitations applicable to wage statement penalties, which is why he has not pled a cause of action for wage statement violations. *See* Cal. Code Civ. Proc. § 340; Labor Code § 226.

Furthermore, a cause of action under the UCL is restitutionary in nature. *Korea Supply Co. V. Lockheed Martin Corp.* 29 Cal.4th 1134, 1144 (2003) ("We have stated that under the UCL, prevailing plaintiffs are generally limited to injunctive relief and restitution.") (internal quotation omitted). Therefore, the UCL claim merely provides an alternate avenue to obtaining restitution for the unpaid *wages* that are being sought through Plaintiff's minimum wage claim and meal and rest period claims, but does not in itself create any additional exposure for Defendant. Therefore, because a penalty is not restitutionary in nature, penalties assessed for violations of Labor Code § 226 cannot be recovered as restitution under the UCL. *See, e.g. Tomlinson v. Indymac Bank, F.S.B.,* 359 F.Supp.2d 891, 895 (granting judgment on the pleadings on ground that Labor Code § 203 provides for a penalty, not wages, which cannot be raised through § 17200 claim); *In re Wal-Mart Stores, Inc. Wage and Hour Litigation* 505 F.Supp.2d 609, 619 (N.D. Cal. 2007) ("For their part, plaintiffs concede that under *Tomlinson,* claims pursuant to Labor Code §§ 203 and 226 cannot support a § 17200 claim.") (citation omitted); *Cardenas v. McLane FoodService, Inc.* (C.D. Cal., Oct. 25, 2010, No.

---

[2] Plaintiff's reference to a failure "to furnish accurate and complete itemized wage statement in violation of Labor Code § 226," in paragraph 41 of his Complaint in his Unfair Competition claim, was erroneous and inadvertent as Plaintiff does not have standing to assert a claim for wage statement violations in this action since he has not received a wage statement from Defendant in over a year, and such claims are subject to a one-year statute of limitations.

SACV10473DOCFFMX) 2010 WL 11465450, at *11 ("Plaintiffs' UCL claim must be stricken to the extent it seeks to recovery penalties provided for under Cal.Labor Code § 226"). For these reasons, Defendant's calculation fails and does not factor into the overall amount in controversy.

Accordingly, neither the civil penalties under Labor Code § 558 nor the wage statement penalties that Defendant has included in its calculations are recoverable through this action as a matter of law, and as such, Defendant's erroneous calculation should be excluded from the total amount in controversy.

## III. CONCLUSION.

This case should be remanded because the sole basis for removal proffered by Defendant in its Notice of Removal, fails for lack of evidence in establishing, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000. Moreover, Defendant has improperly calculated PAGA penalty fees, assumed a one hundred percent violation rate, and estimated penalties that are not recoverable under Plaintiff's underlying claim. Consequently, Defendant's Removal fails, and Plaintiff respectfully requests that the action be remanded to Los Angeles County Superior Court.

Dated: December 17, 2018

Respectfully submitted,
HAINES LAW GROUP, APC

By: _/s/ Fletcher W. Schmidt_____
Fletcher W. Schmidt
Attorneys for Plaintiff